James J. Rufo, Esq.
The Law Office of James J. Rufo
*Attorney for the Debtors*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

IN RE:

        JOHN W. WELLS

                      DEBTORS

CHAPTER 7

CASE NO. 22-22472 (SHL)

-----------------------------------------------------------X

## DEBTOR'S OPPOSITION

John W. Wells (the "Debtor") by and through his attorney James J. Rufo, Esq. of The Law Office of James J. Rufo, submits the following in Opposition to the Motion to Compel Turnover of Funds and to Restore Loss Mitigation:

1.    On March 21, 2023, the Debtor filed a Notice of Voluntary Conversion of his Chapter 13 Bankruptcy Case to a Chapter 7 Bankruptcy Case.

2.    SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust ("Creditor") holds a Mortgage secured by the Debtor's real property known as 7 Fernwood Ave, Rye, New York (the "Property").

3.    There is no provision in the bankruptcy code that provides for the relief requested in Creditor's Motion. In fact, Creditor's Motion is seeking to have the bankruptcy court permit Creditor to collect a pre-petition debt from non-estate property of the Debtor, which is a complete departure from well recognized principles of bankruptcy law and borders on a violation of the bankruptcy stay. Pursuant to Section 348(d) of the Bankruptcy Code, claims such as the one that Creditor is seeking to collect on, that arise after the filing of the Chapter 13 bankruptcy

but prior to conversion to Chapter 7 of the Bankruptcy Code are treated as pre-petition claims.

4. Section 348(d) of the Bankruptcy Code provides in relevant part:

> [a] claim against the estate ... that arises after the order for relief but before conversion in a case that is converted under ... section 1307 of this title ... shall be treated for all purposes as if such claim had arisen immediately before the date of filing of the petition.

11 U.S.C. § 348(d)

5. During the course of the Chapter 13 Bankruptcy Case, Debtor and Creditor entered into a loan modification agreement that provides for monthly mortgage payments of $6,987.94/month.

6. Debtor thereafter defaulted on the terms of the loan modification agreement and as a result Debtor and Creditor entered into a Proposed Stipulated Adequate Protection Order, which provided for the Debtor to make agreed upon payments to cure the post-modification default of $27,951.76, and provided for the Chapter 13 Trustee to disburse funds in the amount of $8,000 to Creditor. While the Stipulated Agreement was signed by Counsel for the parties, there was never an Order Approving the Agreement.

7. The same day that the Stipulated Agreement was signed, Debtor changed his mind and determined that he could not afford the payments in the Stipulation. As a result, the Debtor decided to convert the case to a case under Chapter 13 of the Bankruptcy Code and the Debtor therefore filed a Notice of Conversion of the Case from Chapter 13 to Chapter 7.

8. After the Order was entered converting Debtor's Chapter 13 Bankruptcy Case to Chapter 7, Creditor filed the instant Motion seeking, among other things, an Order Compelling the Chapter 13 Trustee to Turnover to Creditor funds on hand in the amount of $8,000.00 from plan payments that were made by Debtor to the Chapter 13 Trustee during the course of the Chapter 13 Bankruptcy Case.

9. Section 1326(a)(2) requires that Trustee to disburse the funds to the Debtor. *See*, *In re Garris*, 496 B.R. 343, 353 (Bankr. S.D.N.Y. 2013) (J. Morris) ("There is no provision in the Bankruptcy Code that allows the Court to direct the trustee to pay this money to anyone other than the Debtors."); *see also*, *In re Locascio,* 481 B.R. 285 (Bankr. S.D.N.Y. 2012).

10. In a bankruptcy case converted from Chapter 13 to Chapter 7, the filing date of the Chapter 13 Petition is treated as the Petition Date in the Chapter 7 bankruptcy case. See, 11 U.S.C. 348(a), which provides:

> "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

11 U.S.C. § 348(a)

11. Furthermore, pursuant to Section 348(f)(1)(A) of the Bankruptcy Code property of the Chapter 7 bankruptcy estate only consists of property that is still in Debtor's possession and that was in Debtor's possession **at the time the Chapter 13 Bankruptcy Case was filed**, as a result, the post-petition payments to the Chapter 13 Trustee do not constitute property of the estate upon conversion to Chapter 7. see, 11 U.S.C. 348(f)(1)(A), which provides in part:

> property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion

11 U.S.C. § 348(f)(1)(A).

12. Additionally, as previously set forth herein, pursuant to Section 348(d) of the Bankruptcy Code, claims that arise after the filing of a Chapter 13 Bankruptcy but prior to conversion to Chapter 7 Bankruptcy constitute pre-petition claims. Furthermore, because

3

Creditor has a secured claim against the Debtor's house, Creditor must first seek relief from the bankruptcy stay, upon which Creditor can pursue its rights through foreclosure of the house.

13.      Moreover, under applicable New York law, Creditor must make an election of remedies in determining whether it wants to seek foreclosure of its mortgage or whether it seeks to sue Debtor personally on the Note. In the event Creditor seeks to sue on the Note it would be precluded from foreclosing on its mortgage, because Debtor's personal liability under the Note is likely to be discharged in this Chapter 7 bankruptcy case, it would seem that it would be exceedingly unwise for Creditor to elect to sue on the Note.

14.      For all of the reasons set forth above, Debtor submits that Creditor's Motion must be denied in its entirety.

Dated: White Plains, NY
         April 14, 2023

                                          Respectfully submitted,

By:    */s/ James J. Rufo*
         James J. Rufo, Esq.
         The Law Office of James J. Rufo
         *Attorney for the Debtor*
         1133 Westchester Avenue, Suite N-202
         White Plains, NY 10604
         (914) 600-7161
         jrufo@jamesrufolaw.com