UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 22-22472-shl |
| | : | |
| | : | CHAPTER:7 |
| John W. Wells, | : | |
| | : | HON. JUDGE: |
| Debtor. | : | Sean H. Lane |
| | : | |
| | : | PRESENTMENT DATE AND TIME: |
| | : | September 25, 2023 at 9:00 a.m. |
| | : | |
| | : | |

----------------------------------------------------------------X

### NOTICE OF PRESENTMENT OF AN ORDER APPROVING CASH FOR KEYS STIPULATION PURSUANT TO FED. R. BANKR. P. 9019

**PLEASE TAKE NOTICE,** that upon the application of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (together with any successor or assign, "Movant"), the undersigned shall present the attached proposed order authorizing the Debtor and Movant to enter into an agreement providing cash for keys in exchange for the Debtor surrendering Debtor's property commonly known as 7 Fernwood Avenue, Rye, NY 10580; to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on September 25 at 9:00 a.m.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: August 25, 2023
    Fresh Meadows, NY

By: /s/ Katherine Heidbrink
Katherine Heidbrink, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150

TO:

John W. Wells
7 Fernwood Avenue
Rye, NY 10580
***Debtor***

Shelley Grose Wells
7 Fernwood Avenue
Rye, NY 10580
***Non-Party Borrower***

James J Rufo
The Law Office of James J. Rufo
1133 Westchester Avenue
Suite N202
White Plains, NY 10604
***Debtor's Attorney***

Howard P. Magaliff
Howard P. Magaliff - Chapter 7 Trustee
335 Madison Avenue

9th Floor
New York, NY 10017
**_Trustee_**

United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
**_U.S. Trustee_**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO.: 22-22472-shl |
|  | : |  |
|  | : | CHAPTER:7 |
| John W. Wells, | : |  |
|  | : | HON. JUDGE: |
| Debtor. | : | Sean H. Lane |
|  | : |  |
|  | : | PRESENTMENT DATE AND TIME: |
|  | : | September 25, 2023 at 9:00 a.m. |
|  | : |  |
|  | : |  |

------------------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF AN ORDER APPROVING CASH FOR KEYS STIPULATION PURSUANT TO FED. R. BANKR. P. 9019

Katherine Heidbrink, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1.       I am an associate with the law firm of Friedman Vartolo, LLP, attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (together with any successor or assign, "Movant"). As such, I am fully familiar with the facts and circumstances of this case.

2.       This affirmation is submitted in support of Movant's motion to approve a cash for keys stipulation in this case pursuant to Fed. R. Bankr. Pro. 9019 and 11 U.S.C. § 105.

3.       The Debtor commenced the instant bankruptcy proceeding by filing a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on July 22, 2022.

4.      Movant received stay relief as to the Debtor's property commonly known as 7 Fernwood Avenue, Rye, NY 10580 (the "Property") by Order entered June 8, 2023.

5.      This Court granted the Debtor a Ch. 7 discharge by Order entered on June 28, 2023.

6.      In June 2023 and prior, Movant, the Debtor, and non-party borrower Shelley Grose Wells (the "Borrower") negotiated a stipulation (the "Stipulation") for cash for keys in exchange for surrender of the Property, a copy of which is attached as **Exhibit A.**

7.      Thereafter, the parties to the Stipulation presented the executed copy attached as **Exhibit A** to the Ch. 7 Trustee for signature.

8.      The Ch. 7 Trustee confirmed that Movant has stay relief. The Ch. 7 Trustee also advised that while his signature on the Stipulation was unnecessary, the Stipulation needed to be revised such that the Debtor would forward the non-exempt portion of the cash-for-keys totaling $9,575.00 to the Ch. 7 Trustee after receipt of the funds.

9.      Movant has revised the proposed stipulation to incorporate all original terms, but to change the move-out date for the Debtor to vacate the Property to September 30, 2023, and to incorporate the Ch. 7 Trustee's requirement to forward the non-exempt portion of the funds. A copy of said revised stipulation (the "Revised Stipulation") is attached as **Exhibit B.**

10.     Since the parties are agreed on all meaningful terms as to the Revised Stipulation, Movant respectfully requests that this Court approve same, with all parties to the Revised Stipulation being deemed to have executed same as of the date of submission of said Revised Stipulation to chambers for entry.

11.     Absent any objection, Movant shall submit the Revised Stipulation, with all appropriate /s/ signatures of the parties, to this Court for entry on September 25, 2023, in compliance with F.R.B.P. 2002.

**WHEREFORE**, Movant respectfully requests that an Order approving the Revised Stipulation be entered by this Court, with all parties deemed to have signed pursuant to the executed Stipulation attached as **Exhibit A** and the discussions by the parties; together with such other and further relief as the Court may deem just and proper.

Dated: August 25, 2023
   Fresh Meadows, NY

        By: /s/ Katherine Heidbrink
        Katherine Heidbrink, Esq.
        FRIEDMAN VARTOLO LLP
        Attorneys for Movant
        1325 Franklin Avenue, Suite 160
        Garden City, New York 11530
        T: (212) 471-5100
        F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

|  | : |  |
|---|---|---|
| IN RE: | : | CASE NO.: 22-22472-shl |
|  | : |  |
|  | : | CHAPTER:7 |
| John W. Wells, | : |  |
|  | : | HON. JUDGE: |
| Debtor. | : | Sean H. Lane |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

-----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Katherine Heidbrink, certify that on August 25, 2023, I caused to be served a true copy of the annexed **NOTICE OF PRESENTMENT AND AFFIRMATION IN SUPPORT OF AN ORDER APPROVING CASH FOR KEYS STIPULATION, SUPPORTING PAPERS, AND PROPOSED ORDER** by mailing by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service addressed to the last known address of the addressee, and the property address as indicated on the attached Service List annexed hereto.

By: /s/ Katherine Heidbrink_

FRIEDMAN VARTOLO LLP

1325 Franklin Avenue, Ste. 160

Garden City, New York 11530

T: (212) 471-5100

F: (212) 471-5150

## <u>SERVICE LIST</u>

John W. Wells
7 Fernwood Avenue
Rye, NY 10580
***Debtor***

Shelley Grose Wells
7 Fernwood Avenue
Rye, NY 10580
***Non-Party Borrower***

James J Rufo
The Law Office of James J. Rufo
1133 Westchester Avenue
Suite N202
White Plains, NY 10604
***Debtor's Attorney***

Howard P. Magaliff
Howard P. Magaliff - Chapter 7 Trustee
335 Madison Avenue
9th Floor
New York, NY 10017
***Trustee***

United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
***U.S. Trustee***

David A. Gallo & Associates LLP
47 Hillside Avenue, 2nd Floor
Manhasset, NY 11030
Attn: Robyn E. Goldstein, Esq

Raquel Felix, Esq.
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

In re:

John W. Wells,

Debtor.

--------------------------------------------------------------------X

CASE NO.: 22-22472-shl

CHAPTER 7

HON. JUDGE: Sean H. Lane

## STIPULATION TO SURRENDER
## REAL PROPERTY

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (together with any successor or assign, "Secured Creditor") concerning the property located at 7 Fernwood Avenue, Rye, NY 10580 (the "Property"); and

Upon consideration of the Consolidated Note and Consolidation, Extension, and Modification Agreement (collectively, the "Loan") dated December 13, 1993 in the original loan amount of $228,350.00, signed by the Debtor and non-party co-debtor Shelley Grose Wells (the "Borrower"), copies of which are attached to the Motion for Relief filed on April 21, 2023 (ECF Doc. No. 65, the "Motion"); and

Upon the unopposed Motion having been granted at the hearing held on May 17, 2023; and

Upon the foreclosure action concerning the Loan filed under state court Index No. 68686/2015 (the "Foreclosure"), and for good cause shown, it is hereby

**ORDERED,** that the Debtor represents and warrants that all occupants of the Property shall vacate same, in broom-swept condition, as shall be determined by Secured Creditor's agent,

on or before August 31, 2023. Neither the Debtor, nor any current occupant of the Property, shall contest the Foreclosure in any way; and it is further

**ORDERED,** that the Debtor and Borrower agree not to contest any state court foreclosure action on the Loan pursuant to the terms of this Stipulation and Order, including, but not limited to, contesting Movant's standing to foreclose, and the Debtor consents to judgment in any foreclosure action arising from a default under this Stipulation and Order. The Debtor and Borrower shall execute such other and further documents that are necessary for Secured Creditor to obtain a consent judgment in the Foreclosure (the "Foreclosure Documents"); and it is further

**ORDERED,** that in consideration for the Debtor and all occupants to timely and orderly vacate and turnover full possession of the Property to Secured Creditor, Secured Creditor shall pay the sum of $50,000.00 (the "Cash for Keys") to be disbursed as follows:

a. $25,000.00 of the Cash for Keys to be paid by Secured Creditor within 30 calendar days of entry of this Order to the Debtor (check shall be made payable to Debtor John W. Wells) and delivered to the Debtor's Attorney James J. Rufo, The Law Office of James J. Rufo, 1133 Westchester Avenue, Suite N202, White Plains, NY 10604, to assist the Debtor with securing a new place to live and pay any costs and expenses associated with vacating the Property.

b. $25,000.00 of the Cash for Keys to be paid to the Debtor as indicated in (a) above if and only if:

    a. All occupants have vacated the Property on or before August 31, 2023;

    b. The Debtor and Borrower have delivered all necessary executed Foreclosure Documents to Friedman Vartolo LLP, attorneys for Secured Creditor; and

    c. Secured Creditor's agent has verified that the Property was left in "broom

swept" condition, as determined by Secured Creditor's agent, and Secured Creditor's agent has obtained possession of the Property. "Broom swept" shall mean that the Property shall be left in a clean and orderly condition free of the Debtor's possessions and in substantially the same condition it was in as of the date of this Stipulation. The Debtor and Secured Creditor agree that the Secured Creditor or its agent shall conduct a "walk-through" inspection of the Property as set forth herein to ascertain and confirm the condition of the Property prior to the Debtor vacating it, and the Debtor shall provide reasonable access for same.

**ORDERED,** that in the event that the Debtor and all occupants do not fully vacate or turnover possession of the Property to the Secured Creditor in broom swept condition on or before August 31, 2023, or obtain fully executed Foreclosure Documents executed by both the Debtor and Borrower, the remaining $25,000.00 balance of the Cash for Keys shall be forfeited by the Debtor; and it is further

**ORDERED,** that the Debtor shall promptly respond to any and all requests from the Secured Creditor, its agents or attorneys, to complete any and all additional agreements and documents, including, but not limited to, the Foreclosure Documents, and shall take appropriate action to effectuate the terms of this Stipulation; and it is further

**ORDERED,** that nothing in this Stipulation shall alter Secured Creditor's rights as to the non-party Borrower, including, but not limited to, the right to foreclose or seek a deficiency if otherwise permissible under applicable law; and it is further

**ORDERED,** that nothing in this Stipulation shall change the stay relief granted to Secured Creditor pursuant to the Order granting its Motion. Secured Creditor has obtained relief

from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), pending entry of this Court's order, *inter alia*; and it is further

**ORDERED,** that if any party files a subsequent bankruptcy case to the instant case, and if Secured Creditor's Loan is not then foreclosed pursuant to this Stipulation, the Debtor consents to entry of an Order for *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) in said subsequent bankruptcy case, and the Debtor acknowledges grounds for same. The Debtor shall not contest any motion for any form of stay relief in this or any future bankruptcy filing, including, but not limited to, *in rem* relief as indicated; and it is further

**ORDERED,** that Secured Creditor's Loan expressly survives closure of the instant bankruptcy case, including any discharge of the Debtor's liability thereunder that may be obtained, unless SN's Loan is paid in full in contractually. SN does not waive its right to payment on the Loan, particularly as to the Borrower; and it is further

**ORDERED,** that the Debtor represents and warrants that the non-party Borrower on the Loan consents to and shall abide by the terms of this Stipulation and Order, and shall not contest any foreclosure to which Secured Creditor may be entitled; and it is further

**ORDERED,** that this Court shall retain jurisdiction over any dispute arising from the terms

of this Stipulation; and it is further

**ORDERED,** that his Stipulation may be executed in counterparts, which shall be deemed the original for the purposes of filing the same with the Court and facsimile signatures shall have the same force and effect as original signatures; and it is further

**ORDERED,** that this Stipulation shall be governed by and construed in accordance with the laws of the State of New York and under the Bankruptcy Code; and it is further

**ORDERED,** that the parties hereto acknowledge and agree that no party hereto is a minor or incompetent, and that all parties have entered into this Stipulation and Order of their own volition without coercion or duress; and it is further

**ORDERED,** that this Stipulation and Order shall be deemed to have been drafted by the parties hereto, and any ambiguities shall not be construed against or in favor of any party; and it is further

**ORDERED,** that each party to this Stipulation further represents that it fully understands the terms hereof and that any ambiguity shall not be strictly construed against either party; and it is further

**ORDERED,** that all parties to this stipulation have the right to have it reviewed by counsel of their choosing, if so desired; and it is further

**ORDERED,** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED,** that the Secured Creditor shall promptly report to the Chapter 7 Trustee any

*Signatures on following page.*

*Stipulation, continued.*

surplus monies realized by any sale of the Property.


By: ___/s/_____          Date: _____
     Katherine Heidbrink, Esq.
     FRIEDMAN VARTOLO, LLP
     Attorneys for Secured Creditor
     1325 Franklin Avenue, Ste. 160
     Garden City, NY 11530

By: ___/s/ James J. Rufo_____          Date: __June 28, 2023__
     James J. Rufo, Esq.
     The Law Office of James J. Rufo
     1133 Westchester Avenue
     Suite N202
     White Plains, NY 10604

By: ___/s/_____          Date: 6/29/2023
     John W. Wells
     Debtor

By: ___/s/ Shelley Grose Wells___          Date: 6/28/ 2023
     Shelley Grose Wells
     Non-Party Borrower

NO OBJECTION:

By: ___/s/_____          Date: _____
     Howard P. Magaliff
     Howard P. Magaliff - Chapter 7 Trustee
     335 Madison Avenue
     9th Floor
     New York, NY 10017

Scanned with CamScanner

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

John W. Wells,

                                Debtor.

------------------------------------------------------------------X

CASE NO.: 22-22472-shl

CHAPTER 7

HON. JUDGE: Sean H. Lane

## **STIPULATION TO SURRENDER**
## **REAL PROPERTY**

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (together with any successor or assign, "Secured Creditor") concerning the property located at 7 Fernwood Avenue, Rye, NY 10580 (the "Property"); and

Upon consideration of the Consolidated Note and Consolidation, Extension, and Modification Agreement (collectively, the "Loan") dated December 13, 1993 in the original loan amount of $228,350.00, signed by the Debtor and non-party co-debtor Shelley Grose Wells (the "Borrower"), copies of which are attached to the Motion for Relief filed on April 21, 2023 (ECF Doc. No. 65, the "Motion"); and

Upon the unopposed Motion having been granted at the hearing held on May 17, 2023; and

Upon the foreclosure action concerning the Loan filed under state court Index No. 68686/2015 (the "Foreclosure"), and for good cause shown, it is hereby

**ORDERED,** that the Debtor represents and warrants that all occupants of the Property shall vacate same, in broom-swept condition, as shall be determined by Secured Creditor's agent,

on or before September 30, 2023. Neither the Debtor, nor any current occupant of the Property, shall contest the Foreclosure in any way; and it is further

**ORDERED,** that the Debtor and Borrower agree not to contest any state court foreclosure action on the Loan pursuant to the terms of this Stipulation and Order, including, but not limited to, contesting Movant's standing to foreclose, and the Debtor consents to judgment in any foreclosure action arising from a default under this Stipulation and Order. The Debtor and Borrower shall execute such other and further documents that are necessary for Secured Creditor to obtain a consent judgment in the Foreclosure (the "Foreclosure Documents"); and it is further

**ORDERED,** that in consideration for the Debtor and all occupants to timely and orderly vacate and turnover full possession of the Property to Secured Creditor, Secured Creditor shall pay the sum of $50,000.00 (the "Cash for Keys") to be disbursed as follows:

a. $25,000.00 of the Cash for Keys is attributable to the Debtor's interest in the Property, and $25,000.00 of the Cash for Keys is attributable to the Borrower's interest in the Property. The non-exempt portion of the Cash for Keys attributable to the Debtor's interest totaling $9,575.00 shall be paid by Secured Creditor within 30 calendar days of entry of this Order directly to the Chapter 7 Trustee (check shall be made payable to Howard P. Magaliff - Chapter 7 Trustee) and delivered to Howard P. Magaliff - Chapter 7 Trustee, 335 Madison Avenue, 9th Floor, New York, NY 10017.

b. $15,425.00 of the Cash for Keys shall be paid by Secured Creditor within 30 calendar days of entry of this Order to the Debtor (check shall be made payable to Debtor John W. Wells) and delivered to the Debtor's Attorney James J. Rufo, The Law Office of James J. Rufo, 1133 Westchester Avenue, Suite N202, White Plains, NY 10604, to

assist the Debtor with securing a new place to live and pay any costs and expenses associated with vacating the Property.

c.  $25,000.00 of the Cash for Keys to be paid to the Borrower (check shall be made payable to Borrower Shelley Grose Wells) and delivered to the Debtor's Attorney James J. Rufo, The Law Office of James J. Rufo, 1133 Westchester Avenue, Suite N202, White Plains, NY 10604 if and only if:

  a.  All occupants have vacated the Property on or before September 30, 2023;

  b.  The Debtor and Borrower have delivered all necessary executed Foreclosure Documents to Friedman Vartolo LLP, attorneys for Secured Creditor; and

  c.  Secured Creditor's agent has verified that the Property was left in "broom swept" condition, as determined by Secured Creditor's agent, and Secured Creditor's agent has obtained possession of the Property. "Broom swept" shall mean that the Property shall be left in a clean and orderly condition free of the Debtor's possessions and in substantially the same condition it was in as of the date of this Stipulation. The Debtor and Secured Creditor agree that the Secured Creditor or its agent shall conduct a "walk-through" inspection of the Property as set forth herein to ascertain and confirm the condition of the Property prior to the Debtor vacating it, and the Debtor shall provide reasonable access for same.

**ORDERED,** that in the event that the Debtor and all occupants do not fully vacate or turnover possession of the Property to the Secured Creditor in broom swept condition on or before September 30, 2023, or obtain fully executed Foreclosure Documents executed by both the Debtor and Borrower, the remaining $25,000.00 balance of the Cash for Keys shall be forfeited by the

Debtor and Borrower; and it is further

**ORDERED,** that the Debtor shall promptly respond to any and all requests from the Secured Creditor, its agents or attorneys, to complete any and all additional agreements and documents, including, but not limited to, the Foreclosure Documents, and shall take appropriate action to effectuate the terms of this Stipulation; and it is further

**ORDERED,** that nothing in this Stipulation shall alter Secured Creditor's rights as to the non-party Borrower, including, but not limited to, the right to foreclose or seek a deficiency if otherwise permissible under applicable law; and it is further

**ORDERED,** that nothing in this Stipulation shall change the stay relief granted to Secured Creditor pursuant to the Order granting its Motion. Secured Creditor has obtained relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), pursuant to the Order entered on June 8, 2023, *inter alia*; and it is further

**ORDERED,** that if any party files a subsequent bankruptcy case to the instant case, and if Secured Creditor's Loan is not then foreclosed pursuant to this Stipulation, the Debtor consents to entry of an Order for *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) in said subsequent bankruptcy case, and the Debtor acknowledges grounds for same. The Debtor shall not contest any motion for any form of stay relief in this or any future bankruptcy filing, including, but not limited to, *in rem* relief as indicated; and it is further

**ORDERED,** that nothing in the instant Stipulation is an attempt to collect from the Debtor personally in violation of the discharge injunction; and it is further

**ORDERED,** that Secured Creditor's Loan expressly survives closure of the instant bankruptcy case, with the exception of the Debtor's discharge of personal liability, unless SN's

Loan is paid in full in contractually. SN does not waive its right to payment on the Loan, particularly as to the Borrower; and it is further

**ORDERED,** that the Debtor represents and warrants that the non-party Borrower on the Loan consents to and shall abide by the terms of this Stipulation and Order, and shall not contest any foreclosure to which Secured Creditor may be entitled; and it is further

**ORDERED,** that this Court shall retain jurisdiction over any dispute arising from the terms

of this Stipulation; and it is further

**ORDERED,** that his Stipulation may be executed in counterparts, which shall be deemed the original for the purposes of filing the same with the Court and facsimile signatures shall have the same force and effect as original signatures; and it is further

**ORDERED,** that this Stipulation shall be governed by and construed in accordance with the laws of the State of New York and under the Bankruptcy Code; and it is further

**ORDERED,** that the parties hereto acknowledge and agree that no party hereto is a minor or incompetent, and that all parties have entered into this Stipulation and Order of their own volition without coercion or duress; and it is further

**ORDERED,** that this Stipulation and Order shall be deemed to have been drafted by the parties hereto, and any ambiguities shall not be construed against or in favor of any party; and it is further

**ORDERED,** that each party to this Stipulation further represents that it fully understands the terms hereof and that any ambiguity shall not be strictly construed against either party; and it is further

**ORDERED,** that all parties to this stipulation have the right to have it reviewed by counsel of their choosing, if so desired; and it is further

**ORDERED,** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED,** that the Secured Creditor shall promptly report to the Chapter 7 Trustee any

*Signatures on following page.*

*Stipulation, continued.*

surplus monies realized by any sale of the Property.


By: ____/s/_____ ____          Date: ___ _ _____
        Katherine Heidbrink, Esq.
        FRIEDMAN VARTOLO, LLP
        Attorneys for Secured Creditor
        1325 Franklin Avenue, Ste. 160
        Garden City, NY 11530


By: ____/s/_____ ____          Date: ___ _ _____
        James J. Rufo
        The Law Office of James J. Rufo
        1133 Westchester Avenue
        Suite N202
        White Plains, NY 10604


By: ____/s/_____ ____          Date: ___ _ _____
        John W. Wells
        Debtor


By: ____/s/_____ ____          Date: ___ _ _____
        Shelley Grose Wells
        Non-Party Borrower